**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIA NEKA RICHARDSON** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **TRANSWORLD SYSTEMS, INC.** ) | |
| **AND PENNSYLVANIA HIGHER** ) | |
| **EDUCATION ASSISTANCE** ) | |
| **AGENCY** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

1.     This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Dania Neka Richardson is an adult individual residing in Sicklerville, NJ.

5.     Defendant, Transworld Systems, Inc. (hereafter "TSI") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.  The principal purpose of Defendant

is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

6.     Defendant, Pennsylvania Higher Education Assistance Agency (hereafter "PHEAA") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1200 North 7th Street, Harrisburg, PA 17102.

## FACTUAL ALLEGATIONS

7.     At all pertinent times hereto, Defendant TSI was hired to collect a debt relating to student loans that were allegedly originally owed to Defendant PHEAA (hereafter the "debt").

8.     The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9.     Defendant PHEAA communicated false and defamatory information to Defendant TSI regarding the alleged debt because Plaintiff's student loans were not in default.

10.     On or about January 7, 2016, Defendant TSI wrote and sent to Plaintiff a collection or dunning letter regarding the debt.

11.     The January 7, 2016 Letter falsely threatened that Plaintiff's student loans were in default and that Defendant TSI contacted Plaintiff's employer and verified Plaintiff's place of employment in order to engage in wage garnishment against Plaintiff

12.     Upon receiving the January 7, 2016 Letter from the Defendant TSI, Plaintiff immediately became distraught and contacted Defendant TSI but was unable to reach TSI for several days.  During this time, Plaintiff was emotionally distressed out of fear of her wages being garnished by Defendant TSI.

2

13.     At all pertinent times hereto, the January 7, 2016 Letter was the initial communication to Plaintiff by the Defendant TSI. Additionally, Defendant TSI did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

14.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of harm to reputation, severe emotional distress, including humiliation and embarrassment.

15.     Defendant TSI further acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

16.     Defendant TSI also acted in a false, deceptive, misleading and unfair manner by falsely representing that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property or wages unless such action is lawful and the debt collector intends to take such action.

17.     Defendant TSI also acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take, for the purpose of coercing Plaintiff to pay the debt.

18.     Defendant TSI also acted in a false, deceptive, misleading and unfair manner by communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

19.     Defendant TSI also acted in a false, deceptive, misleading and unfair manner in that the Letter did not contain the required validation/verification information pursuant to 15 U.S.C. § 1692g of the FDCPA.

20.     Defendant TSI also acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

21.     Defendant TSI also acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

22.     Defendant TSI knew or should have known that its actions violated the FDCPA. Additionally, Defendant TSI could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

23.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24.     At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25.     As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – TSI
## VIOLATIONS OF THE FDCPA

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     Defendant TSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29.     The above contacts between Defendant TSI and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

30.     Defendant TSI violated the FDCPA.  Defendant TSI's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692g as evidenced by the following conduct:

(a)     Falsely representing the amount, character or legal status of the debt;

(b)     Falsely representing that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property or wages unless such action is lawful and the debt collector intends to take such action;

(c)     Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

(d)     Falsely threatening to take legal action that cannot or is not intended to be taken;

(e)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false;

(f)     Failing to send a consumer all of the required information pursuant to section 1692g(a) of the FDCPA; and

(g)     Using unfair or unconscionable means to collect or attempt to collect any debt.

31.     Defendant TSI's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

32.     As a result of the above violations of the FDCPA, Defendant TSI is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – PHEAA
## DEFAMATION

33.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     At the times pertinent hereto, Defendant PHEAA has published statements both orally and through writing to various collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

35.     The statements made by Defendant PHEAA are false as outlined above.

36.     Defendant PHEAA has published these statements to at least Defendant TSI.

37.     Defendant PHEAA knew that the statements were false when made and had no factual basis for making the statements and, nonetheless, it continued to publish such statements up through the present time.

38.     The written statements and publications constitute libel per se.

39.     The oral statements and publications constitute slander per se.

40.     The conduct of Defendant PHEAA was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant PHEAA is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

41.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.


Respectfully Submitted,


**FRANCIS & MAILMAN, P.C**.

BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        GREGORY J. GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

DATE: July 18, 2016